## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## BECKLEY DIVISION

| | |
|---|---|
| **JOSHUA A. BREWER,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| v. | ) Civil Action No. 5:09-0213 |
| | ) |
| **D. BERKEBILE, Warden,** | ) |
| **FCI Beckley,** | ) |
| | ) |
| **Respondent.** | ) |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Petitioner's Motion for Summary Judgment (Document No. 13.), filed on June 26, 2009. Having thoroughly examined the record in this case, the Court finds that the Petitioner's Motion for Summary Judgment should be denied as moot and his Petition dismissed.

## FACTUAL AND PROCEDURAL HISTORY

On March 10, 2009, Petitioner, acting *pro se* and formerly incarcerated at FCI Beckley, located in Beckley, West Virginia, filed his Application under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody and Memorandum in Support.[1] (Document No. 1.) As grounds for relief, Petitioner states as follows (Document No. 1, p. 7.):

(a) Bureau of Prisons unlawfully revoked good time credits without sufficient evidence for findings.

(b) Bureau of Prisons violated statutory and due process rights by not giving a fair hearing or allowing Petitioner to prepare a proper defense.

(c) Bureau of Prisons violated its own policy by refusing to process Petitioner's administrative remedies.

---

[1] Because Petitioner is acting *pro se*, the documents which she has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Petitioner indicates that he completed the 500 hour Residential Drug Abuse Program on January 2, 2008, and qualified for one-year early release pursuant to 18 U.S.C. § 3621(e). His projected release date was changed from December, 2009, to December, 2008. He was released to a halfway house on June 12, 2008. On October 2, 2008, Petitioner received notice of his violation of the conditions of his community program by missing two drug treatment sessions. Petitioner explains that on September 30, 2008, he was scheduled to attend a group drug treatment session at 9:30 a.m. and an individual counseling session at 11:00 a.m. Petitioner indicates that he was a few minutes late for his 9:30 session because he "was stuck in traffic." He states that he called to report that he would be late. In any event, he was not permitted to attend the 9:30 group session because he was late for it. Petitioner states that he was on time for his 11:00 individual session and signed a logbook and an "additional document" which should evidence it. Petitioner states that "[i]t should be easy to verify I was in fact present for both drug counseling appointments. Bureau of Prisons erred in decision to revoke good time." (Document No. 2, p. 4.) Petitioner alleges that the Bureau of Prisons violated his right to due process by not following the administrative process which has been established for considering violations of its rules. Specifically, Petitioner claims that the Bureau of Prisons "failed to deliver written notice of charges to [him] within 24 hour period." (Id., p. 6.) Petitioner claims further that at a hearing upon the charges, he asked that the counselor for his 11:00 session be contacted or called as a witness to verify that he was on time for that session. (Id., p. 7.) Petitioner states that he filed a BP-10 at the regional level on October 24, 2008, and "it was rejected due to the fact it had more than one continuation page." Petitioner indicates that he filed a further BP-10 at the regional level, and "it was accepted on December 2, 2008." (Id., p. 8.) Petitioner did not receive a response to his BP-10 and filed a BP-11 on February 5, 2009. Petitioner did not receive a response to his BP-11. He filed his Application and Petition initiating this matter on March 10, 2009.

Petitioner attaches a copy of documents to his Petition (Document No. 2.) as follows:

1. Incident Report dated October 1, 2008, and indicating that it was delivered to Petitioner on October 2, 2008, charging that "[o]n 9/30/08, Cornerstone received notification that Inmate Brewer had been classified as a TDAT (transitional drug abuse treatment) failure. The notice states that Inmate Brewer 'missed two scheduled treatment sessions and received an incident report for being unaccountable. Most recently, you returned to the Community Corrections Center 26 minutes late and failed to attend your scheduled treatment session.' Based upon his classification as a TDAT failure, Inmate Brewer has violated the conditions of his community programming."

2. Petitioner's telephone records indicating that he called the treatment center (513-281-7880) on September 30, 2008, at 9:13 a.m.

3. Center Disciplinary Committee Report indicating that a hearing was held on October 2, 2008. The Report indicates that Petitioner denied the charges as contained in the Incident Report, made no statement and requested no witnesses. Based upon a "letter from TDAT and Infraction Notice", it was found that Petitioner committed the violation and disciplinary transfer and disallowance of good conduct time was recommended. On October 15, 2008, a Disciplinary Hearing Officer ordered Petitioner's transfer and disallowance of 13 days good conduct time.

4. Documents evidencing Petitioner's attempts to exhaust administrative remedies following the hearing.

On April 2, 2009, Petitioner filed a Motion to Amend seeking "to admit new evidence recently obtained by the petitioner." (Document No. 4.) Petitioner states that he received a response to his regional administrative remedy appeal dated February 26, 2009. The response, a copy of which is attached to Petitioner's Motion to Amend, states that "we have decided to remand your incident report to the institution for reinvestigation. Your presence at that subsequent disciplinary hearing will be required." Petitioner states in his Motion that "I've done everything possible in my power to get this issue formally resolved. I have claimed my innocence since day 1. The BOP continues to try to cover up its mistakes and that is why I request this court to step in and rule in my favor. This is a direct liberty interest because I was removed from society and my job. I lost 365 days of 'good time' as a

result of this incident report. The report violated my drug after care. The report and all its infractions should be dismissed. I am past my release date of 12/20/2008 with the 'good time' credits taken as a result of this report. Please order the BOP to reinstate my 18 U.S.C. § 3621(e) status, as well as all 'good time' taken in connection with this report and please order my immediate release." (Id., pp. 2 - 3.) Therefore, Petitioner claims that he received a one-year reduction of his sentence under 18 U.S.C. § 3621(e) and good conduct credit under 18 U.S.C. § 3624(b) and the BOP violated his due process and other Constitutional rights in withdrawing the reduction and credit.[2]

By Order entered on May 1, 2009, the Court ordered that Respondent file an Answer to the allegations contained in the Petitioner's Application and show cause, if any, why the Writ of *Habeas Corpus* sought by the Petitioner in this case should not be granted. (Document No. 7.) On May 18, 2009, Respondent filed his Response to the Order to Show Cause. (Document No. 11.) Respondent argues that Petitioner's Petition should be denied based on the following: (1) Petitioner failed to exhaust his administrative remedies (Document No. 11, p. 6.); (2) A rehearing at the institution cured any defects in the original proceeding (Id., p. 7.); and (3) Petitioner has no protected liberty interest in early release under 18 U.S.C. § 3621(e) (Id., p. 8.).

Petitioner filed his "Rebuttal to Order to Show Cause" on June 3, 2009. (Document No. 12.) In his Rebuttal, Petitioner states that he fully exhausted his administrative remedies because the Regional Director's failure to timely respond resulted in a denial. (Id., p. 2.) Petitioner contends that he is not required to exhaust his administrative remedies regarding the new hearing because the new hearing was "held illegally because the Regional Director's response was time barred procedurally." (Id., p. 3.) Petitioner explains that the Regional Director failed to respond to his appeal "until mid

---

[2] By separate Order entered this day, the Court has granted Petitioner's Motion to Amend.

4

March, after I filed my habeas petition to the court with proof that the BOP was not processing the remedy." (Id., p. 2.) Petitioner argues that the rehearing did not cure any defects in the original proceeding because the "second hearing was held illegally because the response of the Director was time barred." (Id., p. 3.) Petitioner further argues that he was denied due process at the second hearing. (Id., pp. 4 - 6.) Petitioner contends that during his second hearing, Mr. Kilgore made the following initial statement: "It doesn't matter what you say in your defense. I have no authority to reinstate your good time, this extends way over my head, and the hearing is just a formality. You have a right to call witnesses, but obviously no one is driving up from Ohio, it would be advised not to request them." (Id., p. 4.) Finally, Petitioner asserts that he clearly had a protected liberty interest in early release.[3] (Id., pp. 7 - 8.)

On June 26, 2009, Petitioner filed a Motion for Summary Judgment and Memorandum in Support (Document Nos. 13 and 14.) In support of his Motion, Petitioner argues as follows (Document No. 14.):

> In the original motion, motion to amend, and on objection in order to show cause, I have clearly shown the court that I was denied due process rights at a disciplinary hearing. I've shown the Bureau erred in revoking my statutory good time. The Bureau admitted to violating theses rights, their only claim was that they held a new hearing which corrected these violations. I've shown their decision was time barred because they never responded on time by their own policy. I've shown they committed forgery to cover up mistakes in the disciplinary process. I also submitted documents to prove my innocence and that the Bureau abused its discretion in revoking my Section 3621(e) time.
> I have a liberty interest at stake with the statutory good time taken, and as a right to be considered eligible for release under 18 U.S.C. § 3621(e). I've shown injury

---

[3] Courts have consistently held that inmates who successfully complete substance abuse treatment programs do not have a liberty interest in the provisional early release date and suffer no deprivation of due process rights as a result of the rescission of their consideration for early release. *See Zacher v. Tippy*, 202 F.3d 1039, 1041 (8th Cir. 2000)("The language of section 3621(e)(2)(B) is permissive, stating that the Bureau 'may' grant early release, but not guaranteeing eligible inmates early release."); *Wottlin v. Fleming*, 136 F.3d 1032, 1035 (5th Cir. 1998).

on my part and that the policy they violated, violates my constitutionally and statutory rights.

**Petitioner's Disciplinary Proceedings**:

On October 2, 2008, Petitioner was provided with the Incident Report, an Inmate Rights at Center Discipline Committee Hearing form, and a Notice of Center Discipline Committee Hearing form. (Document No. 11-2, Attachments C and D.) The Notice of Center Discipline Committee Hearing form indicated that Petitioner's hearing would be held on the same day, October 2, 2008. (Id., Attachment D.) The Center Discipline Committee [CDC] hearing was held on October 2, 2008, and the CDC found that Petitioner committed the prohibited act as charged. (Id., Attachment E, Section IV.) On October 15, 2008, the Disciplinary Hearing Officer [DHO] upheld the CDC's findings and imposed as a sanction a disciplinary transfer and the loss of 13 days good conduct time. (Id., Attachment E, Section X.)

On October 24, 2008, Plaintiff filed an administrative remedy at the Regional level (Remedy ID 513574-R1) challenging the disciplinary action. (Id., Attachment F.) Remedy ID 513574-R1 was voided on October 28, 2008, because Petitioner filed a duplicate remedy (Remedy ID 513574-R2) on the same day. (Id.) On November 14, 2008, the Regional Office rejected Remedy ID 513574-R2 for having more than one continuation page. (Id.) On December 2, 2008, Petitioner filed another administrative remedy (Remedy ID 513574-R3) appealing the disciplinary action. (Id.) On February 26, 2009, the remedy was partially granted and closed. (Id.) The Regional Office remanded the incident report to the institution for reinvestigation. (Id.)

On March 17, 2009, a new incident report was prepared charging Petitioner with the same violation (Prohibit Act Code 309) and Petitioner was provided with written notice of the charge. (Id., Attachment I.) Petitioner signed the Inmate Rights at Discipline Hearing form on March 20, 2009. (Id.,

Attachment J.) Petitioner waived his right to a staff representative and failed to request any witnesses. (Id., Attachment K.) During the disciplinary hearing conducted on March 25, 2009, the DHO considered documentary evidence, including correspondence regarding Petitioner's infraction notices in Transitional Drug Abuse Treatment program [TDAT]. (Document No. 11-3, Attachment L.) On April 10, 2009, the DHO issued a written report finding that Petitioner committed the prohibited acts as charged. (Document No. 11-2, Attachment H.) The DHO imposed a sanction of disallowance of 13 days good conduct time and recommend disciplinary transfer.[4] (Id.)

## ANALYSIS

The undersigned finds that Petitioner's Section 2241 Application must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged

---

[4] Having thoroughly examined the record in this case, the undersigned finds no indication of error of constitutional magnitude in the disciplinary proceedings involving Petitioner's rehearing. It is clearly evident that in charging and considering Petitioner's violation of Prohibit Act Code 309, prison officials adhered to the policies and procedures as prescribed in 28 C.F.R. § 541. Petitioner received all documents pertinent to the charges against him, was advised of his rights and had ample opportunity to present a defense to those charges. The DHO's finding was supported by the evidence and the disallowance of 13 days of good conduct time was lawful and appropriate. Therefore, the undersigned finds that Petitioner's claims regarding his first hearing are rendered moot because he was afforded all due process rights during his rehearing. *Rojas v. Driver*, 2007 WL 2789471 (N.D.W.Va. Sept. 24, 2007)(Generally, "procedural errors are cured by holding a new hearing in compliance with due process requirements.").

to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's release from custody, the Respondent can no longer provide the requested relief.[5] Consequently, the Court can no longer consider Petitioner's Application under Section 2241.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Petitioner's claims are rendered moot by virtue of his release from custody and the absence of collateral consequences, and therefore, his Section 2241 Application must be dismissed. See e.g., Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942 (N.D.W.Va.).

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY as moot** Petitioner's Motion for Summary Judgment (Document No. 13.), **DISMISS** Petitioner's Application under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody (Document No. 1.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and

---

[5] The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on December 31, 2009.

8

a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and counsel of record.

Date: February 23, 2009.

R. Clarke VanDervort
United States Magistrate Judge